13706

STATE v. EDGINS

(171 S. E., 444)

*Messrs. L. G. Southard* and *John L. Lancaster,* for appellant.

*Messrs. Jennings L. Thompson, Solicitor,* and *Lanham & Lanham,* for respondent.

October 28, 1933.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

The appellant was convicted in the County Court of Spartanburg on a charge of desertion and nonsupport of his wife and minor child. He appeals from the judgment and sentence of the Court upon six exceptions, which, however, make but three questions. The first four of them relate to allegations of error on the part of the presiding Judge in refusing the motion of the defendant for a directed verdict; the fifth and sixth relate to alleged errors in the charge.

The defense is predicated on the ground that the marriage between the prosecuting witness and the appellant was made under duress brought to bear upon appellant by the father of the prosecutrix with threats and show of force of arms, which put appellant in fear of his life, and that the consummation of the marriage by cohabitation was compelled by the same means.

The argument in support of the exceptions which present this question proceeds upon the theory that marriage is a civil contract and which is valid only when made with the consent of both parties; that therefore, if one of the parties to the contract is forced into it under duress, there is no valid contract, and the one so forced is

excused from the fulfillment of the marriage obligations of support. The appellant contends that the uncontradicted evidence shows that the appellant was forced into the marriage with the prosecutrix, and did not willingly enter into it, and did not willingly consummate it by cohabitation. The presiding Judge held that the evidence was contradictory on this point, which made it incumbent on him to submit the issue to the jury. A study of the evidence makes it manifest that there was no error hereabout on the part of his Honor. He did, at the request of appellant's attorney, charge the jury that, if the defendant entered into the marriage contract under duress, he would be excused from the legal obligation of supporting his wife and child.

The fifth exception extracts from the charge the following sentence: "That doesn't mean, Gentlemen, that a man would be, or one would be excused from performing the obligations of a marriage contract unwillingly entered into," and predicates upon it an allegation of error. This sentence is taken from the body of the charge which explains the difference between a marriage entered into under duress and one entered into unwillingly. To illustrate the point, his Honor used the case of a man who had seduced a woman under promise of marriage and does not keep his promise, and is brought into Court on the charge, and, to escape conviction and punishment, marries the woman. Plainly he does so unwillingly—but he is not excused from the obligation of supporting the woman and minor child, if there be one. The Court was careful to inform the jury that there was no such charge against this defendant, and the language used was only for the purpose of illustration. The jury could not have been misled. The whole charge must be considered together, and, so considered, it is not erroneous. This disposes also of the sixth exception.

All exceptions are overruled, and the judgment of the Court below is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.